IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 20–cv–00944–KMT

NICHOLAS BUDNELLA,

    Plaintiff,

v.

USAA GENERAL IDEMNITY COMPANY,

    Defendant.

## ORDER

Before the court is Plaintiff's "Objection to Notice of Removal and Motion for Remand." (["Motion"], Doc. No. 11.)  Defendant has responded in opposition to the Motion. (["Response"], Doc. No. 16.)  No reply has been filed, and the time to do so has lapsed.

### STATEMENT OF THE CASE

On June 9, 2017, Plaintiff Nicholas Budnella reportedly sustained "serious" injuries "when another driver crashed into [his] vehicle" at the intersection of Hancock Expressway and Boychuk Street in Colorado Springs, Colorado.  (["Complaint"], Doc. No. 5 at 2 ¶¶ 6-8.) Plaintiff claims that his resulting "medical bills to date are in excess of $262,000.00[.]"  (*Id.* at 2 ¶ 9.)  At the time of the accident, Plaintiff reportedly held an automobile insurance policy with Defendant USAA General Indemnity Company ["USAA GIC"], which included $25,000 worth of coverage for medical payments ["MedPay"] benefits.  (*Id.* at 1-2 ¶¶ 2, 10-11.)  Budnella

alleges that, subsequent to the accident, in 2019, he submitted certain of his "Medical Bills and Medical Records" to USAA GIC, made "several follow up requests for payment," and "sent additional information that [the insurer] requested." (*Id.* at 2 ¶ 12.)  Plaintiff complains, however, that Defendant still "has refused to pay any of [his] Medical Bills regarding the June 9, 2017 accident," and "refused to reasonably reconsider its' denial" of his claim. (*Id.* at 2-3 ¶¶ 12, 18.)

Based on these allegations, on January 15, 2020, Plaintiff commenced this action in Colorado state court. (["Notice of Removal"], Doc. No. 1 at 1, Ex. A.)  Budnella brings two claims against USAA GIC: (1) breach of contract for failure to pay MedPay benefits reportedly owed to him under his insurance policy; and (2) unreasonable delay or denial of payment of a claim for benefits, pursuant to Colorado Revised Statutes §§ 10-3-1115 and 10-3-1116. (Compl. 1-3 ¶¶ 1-20.)  As relief, Plaintiff requests "the remaining balance of the medical payments coverage, plus damages pursuant to [Colo. Rev. Stat.] § 10-3-1116, interest from the date of occurrence, or as provided by law, attorney fees, costs in bringing this action, and any other relief which this Court might deem appropriate." (*Id.* at 3.)  The civil case cover sheet, which was filed in the state court proceeding, indicates that Plaintiff seeks a monetary judgment of no more than $100,000. (Notice of Removal 2, Ex. E at ¶ 2.)

Service was effectuated upon USAA GIC, on January 28, 2020, and the insurer thereafter filed an answer to the state court complaint, on February 15, 2020. (Notice of Removal 1-2, Ex. B, Ex. C, Ex. D.)  On April 3, 2020, Defendant filed a Notice of Removal, pursuant to 28 U.S.C. § 1441, asserting federal jurisdiction predicated upon diversity of citizenship. (Notice of Removal 2, 6-8.)

Upon removal, on April 7, 2020, Plaintiff filed a motion to remand the case to Colorado state court. (Mot. 1-3.) In his Motion, Budnella raises both jurisdictional and procedural challenges to removal. Plaintiff argues, first, that the court lacks subject matter jurisdiction over this matter, because Defendant failed to meet its burden to prove complete diversity of citizenship between the parties. (*Id.* at 1.) In addition, Plaintiff contends that the Notice of Removal, filed on April 3, 2020, was untimely. (*Id.*) Finally, Budnella argues, in the alternative, that USAA GIC "waived [its] right" to remove the case to federal court, given that it "forged ahead with state court litigation" for the two months preceding removal. (*Id.* at 2.)

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction and, as such, much have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002). Pursuant to 28 U.S.C. § 1441(a), a civil action filed in state court is removable, only if the plaintiff could have originally brought the action in federal court. 28 U.S.C. § 1441(a); *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (Removal is appropriate "if, but only if, federal subject-matter jurisdiction would exist over the claim.") (internal quotations omitted). "This jurisdictional prerequisite to removal is an absolute, nonwaivable requirement." *Cunningham v. BHP Petroleum Gr. Brit. PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005) (quoting *Brown v. Francis*, 75 F.3d 860, 864 (3d Cir. 1996)). Remand to state court is, therefore, required "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c).

The federal removal statute, 28 U.S.C. § 1446, obligates a removing party to "file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for

removal.'" *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 83 (2014) (quoting 28 U.S.C. § 1446(a)). The notice of removal must be timely filed. *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1268 (10th Cir. 2016) (citing 28 U.S.C. § 1446(b)(1)). "Because removal is entirely a statutory right, the relevant procedures to effect removal must be followed." *Darr v. N.M. Dep't of Game & Fish*, 403 F. Supp. 3d 967, 994 (D.N.M. 2019). A removal that does not comply with the express statutory requirements is defective, and the court may, upon request, remand the case to state court. *See Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("The two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure"); *see also Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1076-77 (10th Cir. 1999) (explaining that a procedural defect in removal, although proper grounds for removal, "does not involve the subject matter of the court and may be waived").

As the party invoking federal jurisdiction, USAA GIC bears the burden to prove its existence. *Caballero v. Fuerzas Armadas Revolucionarias de Colombia*, 945 F.3d 1270, 1273 (10th Cir. 2019) (citing *Safe Streets All. V. Hickenlooper*, 859 F.3d 865, 878 (10th Cir. 2017)); *Baby C v. Price*, 138 F. App'x 81, 83 (10th Cir. 2005) ("The removing party has the burden to demonstrate the appropriateness of removal from state to federal court."). Each jurisdictional fact must be established by a preponderance of the evidence. *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). "Removal statutes are to be strictly construed, and all doubts are to be resolved against removal." *Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted); *see Grabel & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308,

310 (2005) (explaining that strict construction serves the goal of "not distort[ing] any division of labor between the state and federal courts").

## ANALYSIS

### A. Subject Matter Jurisdiction

In this case, USAA GIC alleges subject matter jurisdiction predicated upon diversity of citizenship, which requires: (1) complete diversity among the parties; and (2) that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)(1). In the Notice of Removal, Defendant states, as grounds for removal, that Budnella is a resident of Colorado, while USAA GIC is a Texas corporation with its principal place of business in San Antonio, Texas. (Notice of Removal 6-7.) In addition, Defendant states that its "investigation determined Plaintiff is seeking $25,000 in [MedPay] benefits, totaling $25,000." (*Id.* at 7.) Defendant further notes that Plaintiff's second cause of action is a statutory bad faith claim brought under Colo. Rev. Stat. §§ 10-3-1115 and 10-3-1116, and that, if successful, Plaintiff could recover an additional two times the covered benefit, *i.e.,* $50,000, plus reasonable attorney's fees. (*Id.* at 7-8.) According to Defendant, "[w]hen combined with the claimed damages, and based on USAA GIC's investigation, Plaintiff is alleging more than $75,000 in damages." (*Id.* at 8.) Defendant contends, based on the foregoing, that complete diversity exists between the parties, and that the amount in controversy exceeds $75,000, excluding costs and interest. (*Id.*; Resp. 3.)

#### 1. Amount in Controversy

If, as here, the plaintiff's complaint does not explicitly state the amount in controversy, the defendant may state the amount in the notice of removal. *Dart Cherokee Basin Operating*

*Co. v. Owens*, 574 U.S. 81, 84 (2014) (citing 28 U.S.C. § 1446(c)(2)(A)). Typically, the "notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89. "Evidence establishing the amount is required . . . only when the plaintiff contests, or the court questions, the defendant's allegation." *Id.*

Here, Plaintiff does not dispute Defendant's contention that the amount in controversy exceeds $75,000, exclusive of costs and interest. (*See generally* Mot. 1-4.) Having reviewed the Notice of Removal, as well as related briefing, the court is likewise satisfied that the amount in controversy requirement is met. Therefore, given that the Notice of Removal plausibly alleges the amount in controversy to exceed the jurisdictional threshold, there is no need for the parties to submit evidence on the issue. *See Dart Cherokee*, 574 U.S. at 89; *Johnson v. Safeco Ins. Co. of Am.*, No. 14-cv-03052-PAB-KLM, 2015 WL 2019395, at *2 (D. Colo. Apr. 29, 2015).

### 2. Diversity of Citizenship

Diversity jurisdiction exists, only if no plaintiff and no defendant are citizens of the same state. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (construing 28 U.S.C. § 1332 to require "complete diversity between all plaintiffs and all defendants") (citation omitted). For individuals, "state citizenship is the equivalent of domicile." *Crowley v.* Glaze, 710 F.2d 676, 678 (10th Cir. 1983); *accord Smith v. Cummings*, 445 F.3d 1254, 1260 (10th Cir. 2006) ("To establish domicile in a particular state, a person must be physically present in the state and intend to remain there."). A corporation, on the other hand, is deemed to be a citizen of any state in which it has been incorporated, and, if different, the state in which it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business," is "the place

where a corporation's officers direct, control, and coordinate the corporation's activities," in other words, the company's "nerve center."  *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010).

In this case, it is undisputed that Plaintiff, an individual, resides in Colorado.  (Compl. 1 ¶ 1; Notice of Removal 6.)  As to Defendant, the Complaint alleges that "USAA General Indemnity Company is an auto insurance carrier [that] . . . is licensed and doing business in the State of Colorado, in El Paso County."  (Compl. 1 ¶ 2.)  The Notice of Removal clarifies that "Defendant USAA GIC is an insurance company organized under the laws of the State of Texas," and states that "[a]ll of USAA GIC's activities are directed, controlled, and coordinated from its corporate headquarters in San Antonio, Texas."  (Notice of Removal 7.)  Attached to the Notice of Removal is a document from the Colorado Secretary of State, which shows that USAA GIC is, in fact, a foreign corporation, registered in Texas, with its principal place of business in San Antonio, Texas.[1]  (*Id.* at Ex. I.)

Budnella, for his part, does not dispute that USAA GIC is a foreign corporation with its principal place of business outside of Colorado.  Plaintiff argues, instead, that complete diversity "may be lacking" in this case, because Defendant "is a part of the USAA Insurance Group (Texas)," and some of USAA Insurance Group's members are citizens of Colorado.  (Mot. 1.) However, given that USAA Insurance Group is not a party to this lawsuit, and the record contains no evidence to suggest a relationship between USAA Insurance Group and USAA GIC that might justify the imputation of USAA Insurance Group's citizenship to USAA GIC,

---

[1] The court has independently verified this information with the Colorado Secretary of State, https://www.sos.state.co.us/biz/BusinessEntityDetail.do?quitButtonDestination=BusinessEntityResults&nameTyp=ENT&masterFileId=19891113759&entityId2=19891113759&fileId=19891113759&srchTyp=ENTITY, (last visited May 4, 2020).

Plaintiff's argument here is without merit.[2]  *See McCray v. Lockheed Martin Corp.*, --- F. Supp. 3d ----, 2020 WL 495376, at *1-2 (D. Colo. 2020).  Therefore, because the undisputed evidence shows that Plaintiff is a citizen of Colorado, and that Defendant is a citizen of Texas, complete diversity exists between the parties.

On this record, then, Defendant has met its burden to show complete diversity of citizenship between the parties and the requisite jurisdictional amount in controversy.  The court is, therefore, satisfied that it possesses subject matter jurisdiction over this case.  *See* 28 U.S.C. § 1332.  Accordingly, Plaintiff's motion to remand for lack of subject matter jurisdiction is denied.

## B. *Timeliness of Removal*

Plaintiff also seeks a remand of this case, on the basis that the Notice of Removal was untimely filed.  (Mot. 1.)  In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"  28 U.S.C. § 1446(b)(1).  If, however, "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable."  28 U.S.C. § 1446(b)(3).  In other words, "[t]he 30-day clock does not begin to run

---

[2] In support of his contention that diversity "may be lacking," Plaintiff relies on a Tenth Circuit decision, *Tuck v. United Services Automobile Ass'n*, 859 F.2d 842 (10th Cir. 1988), in which the defendant, an unincorporated entity, "correctly argued that the membership of an unincorporated association, for purposes of diversity jurisdiction, is the citizenship of all of its members." *Tuck*, 859 F.2d at 844.  In this case, however, the defendant is an incorporated entity.  Accordingly, the holding in *Tuck* is inapposite.

until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016) (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)); *see DeBry v. Transamerica Corp.*, 601 F.2d 480, 489 (10th Cir. 1979) ("[T]he plain purpose of the rule is to permit the removal period to begin only after the defendant is able to ascertain intelligently that the requisites of removability are present."). In determining whether removal is timely, "all factual and legal issues must be resolved in favor of the plaintiff." *Dutcher v. Matheson*, 733 F.3d 980, 988 (10th Cir. 2013) (quoting *Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998)).

Here, Defendant removed the case to federal court on April 3, 2020, which was over nine weeks after its service of the complaint. (Notice of Removal 1, Ex. B.) In the Notice of Removal, Defendant states that the complaint "did not provide unequivocal notice of a right to removal sufficient to trigger the 30-day period," because it "did not allege any amount in controversy." (Notice of Removal 3.) Defendant maintains that it "had to rely on its own investigation to determine the amount in controversy." (*Id.* at 5.) USAA GIC insists that it was able to conclude that the amount in controversy exceeded the jurisdictional threshold, only after its attorney subsequently received Plaintiff's claim file and "was able to determine that Plaintiff previously demanded $25,000 in MedPay benefits." (*Id.*) Defendant reports that it "promptly filed" its Notice of Removal, upon the completion of that investigation and analysis. (*Id.*)

Plaintiff, on the other hand, contends that Defendant "waited way too long" to remove this case, because it has known, since 2019, of "the exact nature of the claims being made against it." (Mot. 1.) In support of that contention, Plaintiff has submitted six demand letters—dated,

respectively, April 8, 2019, June 19, 2019, September 18, 2019, October 8, 2019, November 1, 2019, and November 5, 2019—each of which were reportedly sent from Plaintiff's attorney to USAA GIC, regarding Plaintiff's claim for MedPay benefits arising from the June 9, 2017 accident. (Mot. Ex. 1.)  Plaintiff argues that his initial complaint, together with these pre-litigation documents, provided Defendant with adequate notice that the amount in controversy exceeded the jurisdictional threshold for federal court. (*See* Mot. 1.)  Plaintiff, thus, contends that the thirty-day removal clock began to run as soon as Defendant was served with the complaint, on January 28, 2020, making the removal of the case, on April 3, 2020, untimely. (*Id.* at 2; *see* Notice of Removal 1, Ex. B, Ex. C.)

The question before the court, therefore, is when USAA GIC could "first ascertain that the case was one which was or had become removable." *Paros*, 835 F.3d at 1269 (quoting 28 U.S.C. § 1446(b)(3)) (alterations omitted).  Specifically, the court must consider, first, whether Defendant "could [] have ascertained removability from the complaint itself." *Id.*

The Tenth Circuit is "very strict in assessing whether the grounds for removal are ascertainable." *Id*.  To trigger the start of the thirty-day removal clock, the complaint must provide the defendant with "unequivocal notice of the right to remove." *Id.* (quoting *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998)).  In diversity cases, this requires either "a specific allegation that damages exceed the federal jurisdictional amount of $75,000," or factual allegations "from which the amount may be easily derived through arithmetic." *Id.* at 1269 & n.4.  Regardless, "the amount must be unambiguous." *Id.* at 1269 n.4; *see Akin*, 156 F.3d at 1036 (A removing party is not obligated to "investigate and determine removability where the initial pleading indicates that the right to remove *may* exist.") (emphasis in original).

Here, the complaint, on its face, does not clearly and unambiguously indicate that Plaintiff is seeking more than $75,000 in damages, exclusive of interest and costs. In the complaint, Budnella alleges that his medical bills arising from the June 9, 2017 accident presently exceed $262,000, that his policy included $25,000 worth of MedPay benefits coverage, and that USAA GIC has "refused to pay any" of his medical bills thus far. (Compl. 2 ¶¶ 9, 11-12.) Plaintiff then asks for "the Medical Payments Benefits owed him under the insurance contract." (*Id.* at 2 ¶ 13.) However, it is unclear from these allegations what amount of MedPay benefits, specifically, that Plaintiff believes to be owed to him by the insurer. For instance, Budnella does not allege that USAA GIC is liable for the entire $25,000 of MedPay benefits, only that his policy includes that amount of coverage. In fact, Plaintiff fails to allege any nexus between his medical bills and policy benefits, from which to discern the amount of damages at issue. *See Paros*, 835 F.3d at 1272 (finding that a pre-litigation email, even if properly incorporated into the complaint, did not provide adequate notice that the amount in controversy exceeded the jurisdictional threshold, because the email "set[] forth alleged damages without stating how much the Insurer must pay"); *c.f. Bresciani v. Allstate Fire & Cas. Ins. Co.*, No. 18-cv-02960-PAB-SKC, 2019 WL 549441, at *1-2 (D. Colo. Feb. 12, 2019) (holding a complaint to provide sufficient notice of removability, where the complaint "clearly and unequivocally" stated that the plaintiff was "seeking to hold [his insurer] liable for $250,000 in underinsured motorist coverage benefits pursuant to the terms of [the] plaintiff's insurance policy"); *see also Dynes v. Erie Ins. Prop. & Cas. Co.*, No. 5:19CV214, 2019 WL 3877710, at *3 n.2 (N.D. W. Va. Aug. 16, 2019) (finding that a complaint's demand for "all benefits" did not "conclusively demonstrate" that the plaintiff was seeking payment of the $100,000 policy limit for underinsured motorist

coverage). Given that Plaintiff alleges medical expenses in excess of his stated policy limit, he presumably seeks to recover some, but not all, of the damages claimed. Without additional allegations regarding the amount in controversy, Defendant "could only guess as to whether the claim exceeded $75,000."[3] *Paros*, 835 F.3d at 1270 (quoting *Huffman v. Saul Holdings Ltd. P'ship*, 194 F.3d 1072, 1077 (10th Cir. 1999)); *see Zamora v. Wells Fargo Home Mortg.*, 831 F. Supp. 2d 1284, 1296 (D.N.M. 2011) (finding that the grounds for removal were not ascertainable from the complaint, even though the defendant "could have reasonably concluded from [the complaint] that the amount in controversy would be greater than $75,000," because the allegations made it "possible" that the plaintiff was seeking less than the requisite jurisdictional amount); *see also Graiser v. Visionworks of Am., Inc.*, 819 F.3d 277, 285 (6th Cir. 2016) ("[A] defendant is not required to search its own business records or perform an independent investigation into a plaintiff's indeterminate allegations to determine removability."); *Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997) ("[W]e will not require courts to inquire into the subjective knowledge of the defendant, an inquiry that could degenerate into a mini-trial

---

[3] Further adding to the ambiguity, the state court cover sheet indicated only that Plaintiff was seeking a monetary judgment not to exceed $100,000. *See Carney v. Anthem Life Ins. Co.*, No. 1:19-cv-03075-RM-KMT, 2020 WL 2188779, at *3 n.4 (D. Colo. Apr. 22, 2020) (declining to use an "ambiguous" state court cover sheet as a factual representation to determine the amount in controversy); *c.f. Hyde v. State Farm Mut. Auto. Ins. Co.*, No. 18-cv-00642-REB-NYW, 2018 WL 9814973, at *1 (D. Colo. Apr. 9, 2018) (finding that a state court cover sheet put the defendant on notice that the amount in controversy exceeded $75,000, where the plaintiff "indicated on the civil cover sheet filed in state court that he was seeking a monetary judgment over $100,000."); *see also McDougal v. GEICO Cas. Ins. Co.*, No. 17-CV-449-GKF-JFJ, 2017 WL 4248175, at *1 (N.D. Okla. Sept. 25, 2017) (finding that a complaint did not give clear and unequivocal notice of removability, where the complaint specifically asked for damages "not in excess of the amount required for diversity jurisdiction").

regarding who knew what and when. . . . [The grounds for removal must] be apparent within the four corners of the initial pleading or subsequent paper.").

Because Plaintiff's initial pleading did not provide Defendant with adequate notice of removability, the court must next consider whether some "other paper" exists "from which it may first be ascertained that the case is one which is or has become removable." *See* 28 U.S.C. § 1446(b)(3); *Paros*, 835 F.3d at 1269. In his Motion, Plaintiff argues that the six pre-litigation demand letters, which were sent by his attorney to USAA GIC, "constitute other writings explaining to the Defendant the exact nature of the claims being made against it." (Mot. 1, Ex. 1.) The term "other paper," as it is used in the removal statute, is construed broadly to include state court filings and discovery. *Paros*, 835 F.3d at 1269 (citing 28 U.S.C. § 1446(c)(3)(A)); 14C CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 3731 ("The federal courts have given the reference to 'other paper' an expansive construction and have included a wide array of documents within its scope."). And, in certain circumstances, a written demand letter from counsel can qualify as an "other paper" under § 1446(b). *Paros*, 835 F.3d at 1271. However, it is well-settled that "a presuit communication" is not an "other paper." *Paros*, 835 F.3d at 1272; *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 164 (5th Cir. 1992) ("By its plain terms the statute requires that if an 'other paper' is to trigger the thirty-day time period of the second paragraph of § 1446(b), the defendant must receive the 'other paper' only after it receives the initial pleading."). Therefore, the demand letters from Plaintiff's attorney also failed to provide Defendant with adequate notice that the amount in controversy exceeded $75,000.[4]

---

[4] The Tenth Circuit has stated, in dicta, that a "presuit demand could provide adequate notice if it were incorporated into the complaint." *Paros*, 835 F.3d at 1272. However, in this case, the demand letters were neither referenced, nor attached, to the complaint.

On this record, then, neither the complaint, nor any "other paper" in the record provided Defendant with the requisite grounds to ascertain removability. For that reason, the thirty-day removal period was never triggered. Accordingly, USAA GIC's April 3, 2020 removal was timely. *See Paros*, 835 F.3d at 1271 n.5 ("[A] defendant need not await [] unambiguous notice before filing a notice of removal. Once it reasonably believes that the jurisdictional prerequisites have been satisfied, it can properly seek removal."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) ("[A]s long as the complaint or 'an amended pleading, motion, order or other paper' does not reveal that the case is removable, the 30-day time period never starts to run and the defendant may remove at any time.").

## C. Waiver

As a final matter, Plaintiff argues that Defendant waived its right to removal, by participating in the state court proceeding for two months prior to removal. (Mot. 2.) In making that argument, Plaintiff points to the fact that, prior to removal, Defendant answered the complaint, submitted initial disclosures, scheduled a case management conference, and substituted its counsel. (*Id.* at 2-3.) Plaintiff emphasizes that Defendant took these actions "without any mention of any objection to state court jurisdiction." (*Id.*)

USAA GIC, in opposition, contends that its participation in the state court proceedings "was minimal." (Resp. 7.) Defendant emphasizes that its actions were taken, so as to comply with the state court's orders and procedural requirements, and contends that "such compliance [cannot] constitute[] a waiver of the right to remove." (*Id.* at 7 n.3.)

In certain circumstances, a defendant can waive its right to removal "by taking some substantial offensive or defensive action in the state court action indicating a willingness to

litigate in that tribunal before filing a notice of removal with the federal court." *City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1098 (10th Cir. 2017) (quoting *PR Grp., LLC v. Windmill Int'l, Ltd.*, 792 F.3d 1025, 1026-27 (8th Cir. 2015)).  Nevertheless, the Tenth Circuit has made clear that "a defendant who actively invokes the jurisdiction of the state court and interposes a defense in that forum is not barred from the right to remove in the absence of adequate notice of the right to remove." *Akin v. Ashland Chem. Co.*, 156 F.3d 1030, 1036 (10th Cir. 1998).  In this case, USAA GIC never received adequate notice of removability from Budnella with respect to the amount in controversy.  Therefore, Defendant did not waive its right to remove the case by engaging in litigation in state court prior to removal.  For that reason, the motion to remand based on waiver is also denied.

Accordingly, it is

**ORDERED** that Plaintiff's "Objection to Notice of Removal and Motion for Remand" (Doc. No. 11) is **DENIED**.

This 1st day of June, 2020.

BY THE COURT:

_____
Kathleen M Tafoya
United States Magistrate Judge